The Honorable. The United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may give their attendance and they shall be heard. God save the United States of America and this Honorable Court. Court is in session. Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case to be heard today is United States v. Thomas Goodman, appeal number 191313. Thank you very much. Attorney Zurier, your counsel for the government, could you please mute your audio while your brother proceeds with his argument? Yes, Your Honor. Okay. Attorney Brooks, you have an opening statement of one to be subjected to questioning by the court. Proceed, please. Okay. Good morning. May it please the court. Benjamin Brooks on behalf of Thomas Goodman. As you know, this is a sentence appeal and today what I would like to touch briefly on is the appeal waiver issue and then address the procedural error that occurred when the judge calculated the recommended guideline sentence with a numerical figure of 3,120 months or 260 years and then get to what's really at the heart of the appeal, which is why the judge's decision to actually impose that sentence of 260 years was substantively unreasonable because it was excessive. It was based on a rationale that really loses validity when the sentence goes deep into old age and it fails to adequately reflect the sexual abuse that Mr. Goodman suffered himself as a child, the lack of any prior criminal convictions, and his immediate acceptance of responsibility and genuine expressions of remorse and his apparent substantial amenability to reform. So with respect to the waiver, the argument here is that the waiver is not enforceable because the plea agreement that contained it, when it was understood... Counsel, that's time. Counsel, I'm going to start the questioning. So we'll start off with the waiver. Your client committed really heinous crimes. He sexually abused his own children, his children's friends, he recorded it, and he did receive a sentence of 3,120 months, which was in accord with the guideline sentencing recommendation in the pre-sentence report to which no objection was made. Your client entered a plea agreement which had an explicit waiver of appeal in it, and the judge fully explained the waiver of appeal. So I think you've got a very serious waiver problem here, and as I understand your argument, it is that it would be a miscarriage of justice to hold your client to the appeal waiver, because although the way the plea agreement said the judge has utter discretion to decide on any sentence, and your client recognized that, that nonetheless it was a miscarriage of justice because your client didn't get the sentence that he wanted. Now, is there something wrong with my recitation of what happened here? Well, I think the argument I am making here is that just with respect to the waiver that was contained only within the plea agreement, it's not enforceable, and I don't disagree that the teeter test is accurate, and that's what the government put forward in their brief, and they analyzed the waiver claim only under the third prong of the teeter test, which is the miscarriage of justice standard. But I think this is different, because what we're dealing with here is whether or not the waiver itself is enforceable, not under the teeter test, but because the plea agreement that contained the waiver is not enforceable, because as a contract, which is what it is and how it should be understood, it didn't give Mr. Goodman any consideration at all. No, he did get the consideration, the government says, that the court knew that he had entered into a plea agreement, and the court in some senses was then aware that your client took some responsibility for having committed these awful offenses, but you did not get what you had no consideration, just because you don't get what you asked for doesn't mean there's no consideration, and the agreement expressly said, and your client acknowledged, that the ultimate decision was left to the judge. So I think you better explain this no consideration argument. Right. Well, the plea agreement leaves the ultimate decision to the judge. I don't think renders, doesn't give, doesn't make the agreement contain the consideration, right? And I think this is the same problem. I'm sorry, I don't understand that. You're drawing a distinction? So the reason that this agreement doesn't contain consideration is because it doesn't give any charge concession or any meaningful promise. Oh, I see. This is an argument that once it recites that the ultimate sentence is left to the discretion of the judge, that per se is a failure of consideration? No, that's not per se a failure of consideration. The question is, what promise did the government give to Mr. Goodman that gave him anything of value? And the fact that he gets some advantage by pleading guilty by itself, right, and asking the court for mercy, which I agree with, he doesn't need a plea agreement with the government in order to do that. Okay, thank you. That's helpful. Judge Selya? Yes, thank you, Judge Lynch. Mr. Brooks, let's stay with the failure of consideration. We do, of course, have some case law that suggests that consideration is inherent in every plea agreement, but beyond that, the course of criminal conduct that your client engaged in lasted for a long period of time and involved several other individuals. As part of the plea arrangement leading to the plea agreement, the government agreed, did they? I'm not certain that that's correct. I think the way the plea agreement recites that the government will charge by information, that's a provision of the plea agreement. I think what the plea agreement said, or my memory, and I could be wrong, and I'm trying to pull it up now, but is that the defendant waived indictment. And I would say that that is an advantage that is given to the government. In exchange for which the government charged by information. You're not suggesting that at the time of the plea agreement, the defendant and his counsel were unaware of what would be in the information? No. No, of course not. So the defendant knew that by entering into the plea agreement and waiving indictment, he would not run the risk of having this horrendous case presented to a grand jury, which could have returned God knows how many counts against him for God knows what offenses, but instead would be charged only with the nine specific offenses which had been outlined in the information that was to be presented to the court pursuant to the plea agreement. And I don't see why that isn't consideration. I think the answer to that has to be that that consideration actually goes more towards the government in terms of saving resources than it does to Mr. Goodman, and there isn't anything in the plea agreement that says that the government is foregoing its right to pursue additional charges or additional counts against Mr. Goodman. When the plea agreement says that the government will charge by information, isn't that a foregoing of its right to proceed by indictment? There are double jeopardy principles. The government can't charge him for the same course of conduct, both by information and by indictment. Right, but that would be true if he was pleading to either the indictment or the information, right? Well, that's true, but under the plea agreement, the government is committed now, which it wasn't before he signed the plea agreement. The government is committed to proceed by this information. I suppose that is true, but I would say that that doesn't give Mr. Goodman any actual meaningful consideration, and that it really goes more towards the government in terms of saving resources, and there isn't anything in the plea agreement that specifically notes that the government is foregoing its ability to add additional charges, and at the end of the day, Mr. Goodman is still pleading for the same charges with the same maximum penalties that the government has brought. Do we know that? We don't know what the charges would have been had the government brought this case to a grand jury. That may be, but I think you have to look at the four corners of the plea agreement, right? And it doesn't indicate... It indicates that the government has committed to charge by information. I don't see how you can get away from that fact. Now, you can argue, as you just did, that the commitment to charge by information is not consideration, although I suggest to you that that argument strikes me as untenable, but you can't argue that the government entered into this plea agreement with the defendant on any basis other than its agreement to charge him by information. Right. I just think that at the end of the day, what advantage does Mr. Goodman really get from that? I'm having a hard time seeing that. The advantage he'll get is that he potentially gets a known subset of charges rather than a potentially larger and more serious set of charges. Now, you may say that, well, he's going to wind up with a life sentence anyway, and that may be true, but I don't think that he did receive a commitment from the government, and the question is, is that commitment valuable consideration? My suspicion is that it is, and you haven't much dissuaded me from that suspicion. Right. I think, really, when you look at the whole agreement, what is the government promising to do? Okay, so there is the issue of proceeding by information instead of by indictment, and I would say that the plea agreement doesn't mention what those are, and there is a provision at the end that says this constitutes the whole agreement. Counsel, that's time. That's fine. Thank you, Mr. Brooks. I'm satisfied that you've answered my question. All right. Judge Barron? Thank you, Mr. Brooks. Let me just follow up on the line of questioning Judge Selya was just asking you. In the agreement, when it says charged by information, does it make clear what the content of that information would be? Let me, give me one second. In other words, does it say this information as if it was a known, as if the contents of it were known at the time, or does it just say, and information, which could then include anything? This is testing my memory, and I am not sure. I'll have to look this up, and I think I should be able to find it in a second. Go ahead. The related question, to some extent, is, did the government argue, my recollection, the government did not argue to us that the consideration took the form of the promise to proceed by information rather than indictment. Can you say that again? I'm sorry. My understanding was that the government did not argue that the consideration here was the promise to proceed by information rather than indictment. They did not. Okay. I thought they thought the consideration they gave, which is what I want to now direct your attention to, was the offer to support the recommendation of a three-level reduction as opposed to just the two-level reduction you get from pleading guilty. That's what they argued, right. I mean, they argued it is all three, right, but I think it's really only one point. Right. So, what's wrong with that last point? In other words, that is some consideration. They were not obliged to support the three-level reduction as opposed to the two-level reduction. They've committed that they will support it. The judge does have discretion, as Judge Lynch noted, to determine the sentence. It's now determining the sentence knowing that under the guidelines there's a three-level reduction rather than a two-level reduction, and although that may not affect the guidelines range, the judge now knows that the government is of the view that before it is a defendant who's provided more than the ordinary assistance of somebody who pleads guilty. I think that the entirety of the plea agreement, right, shows that it's really aimed at what the recommended sentence is going to be, right. That is what the government's ultimate promise is here. If you're making an argument that there's no consideration, I guess what I just don't understand is why is not a – you said they didn't promise anything. Well, they promised to do something they didn't have to do, which was to recommend three-level reduction rather than two, and that's clearly to your client's benefit because it makes your client look better in the eyes of the court. Why isn't that enough? Well, I don't think that that is a real benefit because what the government is ultimately doing with this agreement is saying this is what we're going to recommend to the court, and when you look at what their recommendation is and what their ultimate promise is, they're saying we're going to recommend a life sentence to the court because that two-point reduction doesn't make any difference in terms of what the ultimate recommended sentence will be and the purpose of this agreement. Counsel, do not interrupt Judge Barron. Is your position that any plea agreement with a recommended life sentence is unenforceable? No. There could be a plea agreement that gave somebody a charge reduction, right? So Peter is an example of a case where that happened. There were several concessions that the prosecution made to the defendant. Why is not a concession about the amount of reduction under the guidelines you're entitled to enough? You say a reduction on charge is enough even though the sentence would be the same. Why wouldn't a reduction in the guidelines calculation recommendation, even though the sentence would be the same, also some consideration? I just am not following that. Well, you have to look at the whole agreement, right? It's sort of like I would make the analogy that somebody is saying, well, you give me $5 and I'll give you $3, right? And how does that do the other person any good, right? When you look at the whole agreement, the defendant is entering into a number of factual stipulations that specifically raise the ultimate offense level to ultimately what is 49, right? And then 49 minus 3 is 46, and that is still above 43, which is the cutoff. So the government's only functional promise is to say we are going to recommend a sentence of life, right? And I just don't think that works. And I think you have to look at the entire agreement in order to understand what the ultimate promise is here. Just one more question. Go ahead, Mr. Barron. Thank you. On your Rule 11 challenge, could you just explain to me how that relates to the pre-waiver issue? Are you saying that that's under teeter, unlike the consideration argument, or are you arguing that's outside of teeter, like the consideration argument? I'm arguing that's outside of teeter. That's a sufficiency argument, right? That the judge failed to hear sufficient information to support the conviction on those two counts. But I guess that relates to the plea. Does that relate to the plea waiver? In other words, with the plea waiver, you're saying that the waiver agreement is not valid because there's no consideration. If you lose on that argument, why does the Rule 11 issue properly sound under the question of the enforceability of the plea waiver rather than under teeter? It would be under teeter if I lose on the waiver argument. Okay. Thank you. Okay. Thank you. We're going to move on now to counsel for the government. Attorney Zurier, proceed. May it please the Court, Lauren Zurier for the United States. The defendant in this case committed unspeakable acts of sexual molestation on his own children as well as their friends and digitally memorialized those events. The court deemed his conduct a level of depravity absolutely beyond comprehension, and the prosecutor said it was the worst case of child exploitation since 1820. Counsel. Yes. Counsel, address the issues before the court. Don't rehearse the horrifics of the crime. Yes, ma'am. The appeal in this case is barred by a valid appeal waiver supported by consideration, and while the government pointed specifically to the point of acceptance of responsibility that the government gave up in the plea agreement, that is consistent with Judge Selya's observation that entering into an information helped the defendant throw himself on the mercy of the Rock in a hard place in this case. He knew he was probably looking at a life sentence no matter what he did, and his only choice was either to plead guilty without some kind of agreement or plead with an agreement, accept responsibility as much as possible, and hope that the court would grant him leniency. Counsel, that's time. I'm going to bypass questioning and turn it over to Judge Selya. Thank you, Judge Lynch. Ms. Zuria, were the contours of the information known to the defendant and his counsel at the time of the execution of the plea agreement? Judge, if you looked at the agreement, paragraphs 5 and 6 speak specifically to the counts in the information. Paragraph 6, small Roman numeral 1 of the agreement talks about counts 1 through 8, and paragraph 6 sub 2 talks about count 9. Excuse me, Ms. Zuria. I was aware of that. So is the answer to my question yes? Yes, Your Honor. The government, however, as Judge Barron pointed out, has not to this point argued that the agreement of the two sides to the information is itself sufficient consideration, coupled with the waiver of presentment to the grand jury, to support the plea agreement. And what are we to do with that fact? The government wishes it had made that argument, Your Honor. I know, but... The government made the more... I'm sorry? If wishes were horses, then beggars would ride. The government didn't make the argument, so what are we to do with that fact? The government also can rely, as Judge Barron pointed out, on the argument that it gave up a point of acceptance of responsibility that it did not have to. I would point the court to... Excuse me, I think you mean a level of acceptance of responsibility. Yes, Your Honor. A one-level drop. Yes, okay. Go ahead. I would point the court to the Brunetti decision from the Second Circuit, as analogous to the circumstances in this case. In that case, the defendant pled guilty. He had faced a mandatory minimum life sentence, and all the government promised him was the potential for a cooperation agreement. He did not eventually get the cooperation agreement, and he ended up with the mandatory minimum sentence. And the Second Circuit held that a chance at a lower sentence was sufficient to act as consideration for the plea. And the circumstances are analogous to this case, because the defendant, by entering into this agreement, hoped for a chance at a less-than-guidelines-range sentence. It didn't work out for him that way, but he did have that chance, and without the agreement, he would not have. Thank you, Ms. Aurelia. I'll wait for the rest of my time, Judge Orange. Thank you, Judge Aurelia. Judge Barron? Sure. I take it the substance of the argument on the other side of what you're arguing to us is that, although it's true the government gave up one level, since that wouldn't affect the recommended guideline range of life sentence anyway, in what sense was that a meaningful concession that could be consideration? Could you just address that? Yes, Your Honor. This defendant needed to do anything he could to have a chance at a lower sentence, and entering into the agreement provided him with that chance. This Court, in Conway and other cases, has held that a chance at a lower sentence is sufficient consideration for a plea. The question that I'm left with after the defendant's argument is, in what way does the reduction of a level, given that it doesn't affect the recommended guideline range, really produce a chance for less? I'm not saying that he's right on that, but I haven't quite heard you explain why does that reduction of the level increase to some extent, however marginal, the likelihood that he would get less? I think it's in the context of the agreement as a whole, Your Honor.  If you look at something like Rule 11c-5, his chances of getting a lower sentence were almost zero. Entering into the agreement gave him that chance, and the fact that in retrospect he's evaluating it, that he didn't get a lower-than-life sentence, doesn't mean that at the time the agreement was negotiated there wasn't consideration. Teeter serves as a retrospective check on the fairness of the agreement, but the defendant here is arguing Teeter doesn't apply. If the court were to apply Teeter, then we'd be doing a miscarriage-of-justice analysis, and that's a fair analysis to make. Just one last turn at this. When the government makes that agreement to give him the extra-level reduction, what is the government going to be representing to the court that might be helpful to the defendant in getting a less-than-guideline range? What is the extra thing that the government is going to be saying to the court or representing to the court about this defendant that might make it more likely that the judge will deviate from the recommended guideline range sentence, even though the mere fact that that level reduction occurs doesn't suggest that the judge should? I don't think, in this case, the government did that. They asked for a 100-year sentence, which, while lower than 260, is obviously a life sentence. So, if you're asking, did the government agree to make a recommendation of less-than-life, no. No, I'm asking, substantively, what are they saying to the court when they say, this defendant, unlike a typical one who pleads guilty, is special because we're saying they should get three-level reduction. What does that extra-level of reduction represent? The extra-level of reduction represents, it's something that the government has to move for, but I think it's fairly common to get under, I think it's guideline 3E. I don't think the government represents anything more than that the defendant has cooperated and has agreed to plead. Do you have any insight into why you wouldn't ever recommend? What would a defendant who pleads have to do not to get that recommendation? If a defendant made a straight-up guilty plea, I don't know that the government would give that recommendation. Okay, last question. One of the points that the defendant makes with respect to, I guess, the substantive unreasonableness of the sentence, or maybe it's even just an error in the sentence, which may go to teeter or it may be barred by the plea waiver, but setting aside the plea waiver for a second, the defendant contends that the judge focused intently on the fact that the video recordings of the child that were produced by the defendant were then distributed to others by the defendant. The defendant says there's no basis in the record for that finding. What's your response to that? My response is that there is no affirmative evidence that the defendant did distribute it, and there's no affirmative evidence suggesting he did not. What the judge did was infer from the stipulations the defendant entered into that because he said that the images of the minors were among the images he possessed, and because he distributed all those images that he therefore distributed the minors' images to, the defendant did not correct the record. It was a mistaken inference on the judge's part. I would suggest that given the goals that were driving this sentence, which was to incarcerate the defendant so he could never harm any other children again, even if the distribution inference was wrong, it did not have an impact on the sentence such that it would have dropped below a life sentence. It may have dropped to 150 years from 260 years if it was driving the last part of that sentence, but given the goals that the court pursued on the entire record, I don't think it's at all likely that it made a difference in the sentence that was imposed. Go ahead, Judge Barron. But the government's position is that a fair reading of the record supports the finding that the district court made, particularly in light of the absence of an objection to it at sentencing. Judge, I think that the district courts made a logical deduction. I think that there was no objection to it. I cannot point the court to any additional evidence that supports the inference other than the logic and the facts that the logic led to. I agree with the defendant that on this record there is no other evidence. Whether a grand jury investigation would have turned up, other evidence I cannot say. If Judge Barron has concluded, counsel, we wouldn't normally, were we actually in a courtroom, give you time for a closing statement. But given the uniqueness of this procedure, we have decided to do that. Counsel, for Attorney Brooks, you have one minute for a thorough rebuttal, and then Attorney Zurier, one minute for a thorough rebuttal, if you care to take it. Okay. Can you hear me? Am I off-pitch? I couldn't hear you. Can you hear me now? Yes. What did you ask? Yes. I would take that time if I could. You take it right now, then. One minute. Thank you. And just with respect to Judge Salyer's question, just going back to the plea agreement, the only thing I see in that is the defendant's waiver of the grand jury. I don't see anything else about the government making any agreement with respect to that. And I just want to get to the substantive unreasonableness of this sentence in closing. I think this is clearly a sentence that is greater than necessary to serve the purposes of sentencing. This is a 260-year sentence. It is, I think, by definition, immoderate and excessive, and it violates the principles of parsimony. This is something that is six-and-a-half times higher than an average life sentence, 12 times higher than the average sentence for sexual exploitation of a minor, much higher than any of the other cases in Rhode Island cited by the prosecutor at sentencing, and far higher even than most of the cases that the government cites, including Bretton, which is just a 340-month sentence or 28 years post-trial, and the judge there asked for 720 months. And I think it really fails to adequately account for Mr. Goodman's substantial mitigating factors that include the fact that he was abused by a teacher as a child and subjected to serious ridicule and bullying as a result of that. He expressed great anger and remorse. Thank you. You've had your time. Attorney Zarriere. Yes, Your Honor. I would point out for the Court that the information in this case was filed the same day as the plea agreement. The docket indicates they were both filed on October 4th of 2018, and I think they're therefore contemporaneous even if the information wasn't fully outlined in the plea agreement itself. As far as the merits of the issues before the Court, I believe the plea waiver is enforceable. The defendant has not argued Teeter at length, and his argument about lack of consideration is not supported by the case law. On the merits, the sentence is stiff but substantively sound and procedurally reasonable and should be enforced and affirmed. So if the Court decides not to dismiss the appeal, I'd ask that it affirm the sentence. Thank you. Thank you, Counsel. This concludes the argument in this case. Dan, are the counsel present for the next case? Yes, Judge. I can call that one now.